UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BENJAMIN LUCERO, JR.., <br><br> Plaintiff, <br><br> v. <br><br> ERIC ULDALL, <br><br> Defendant. | No. 2:24-cv-2890-CKD P <br><br><br> ORDER AND <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff Albert Lucero, Jr., a state prisoner, proceeds without counsel under 42 U.S.C. § 1983 and seeks to proceed in forma pauperis. This matter is referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint is before the court for screening and should be dismissed because plaintiff seeks monetary relief from a defendant who is immune from suit.

**I.     In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to

plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000).

Here, the sole named defendant is Mr. Eric Uldall, District Attorney for the County of Solano. (ECF No. 1 at 1.) Plaintiff alleges Mr. Uldall gave false information to the parole board, resulting in plaintiff being improperly classified with an "R" suffix. (Id. at 29-30.) Plaintiff seeks damages. (Id. at 32.) Mr. Uldall is immune from suit for the alleged acts because prosecutors in California are absolutely immune from suits for damages for their parole recommendations, which are traditional functions of an advocate. See Brown v. California Dep't of Corr., 554 F.3d 747, 750 (9th Cir. 2009).

The complaint should be dismissed because plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Granting leave to amend would be futile, and so the dismissal should be without leave to amend. See Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995) (a court may dismiss a pro se complaint without leave to amend if it is clear a complaint cannot be cured by amendment); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

## III.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

It is being recommended that this case be dismissed because the district attorney is immune from suit for parole recommendations. If you disagree, you have 14 days to inform the

court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations."

### IV. Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. The Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's complaint be dismissed without leave to amend.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 16, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, luce2890.scrn.fr